UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Julie A. Su, Secretary of Labor, United States Department of Labor, <br><br>         Plaintiff, <br><br>       -v- <br><br> Sarene Services, Inc. d/b/a Serene Home Nursing Agency; Irene Manolias, Individually, <br><br>         Defendants. | 2:20-cv-03273 <br> (NJC) (ST) |

**ORDER**

NUSRAT J. CHOUDHURY, District Judge:

This case concerns claims prosecuted by the Acting Secretary of Labor, Julie A. Su ("Acting Secretary"), on behalf of the United States Department of Labor (the "Department") against Sarene Services Inc., d/b/a Serene Home Nursing Agency ("Serene"), and Irene Manolias ("Manolias" and collectively, "Defendants") under provisions of the Fair Labor Standards Act of 1938 (the "FLSA"). (Am. Compl., ECF No. 139.) On July 15, 2024, the Court issued an Opinion and Order granting the Acting Secretary's Motion to Amend the Complaint to add an FLSA retaliation claim under 29 U.S.C. § 215(a)(3). (*See* Op. & Order, ECF No. 138 (granting ECF Nos. 106, 132).)

The Amended Complaint alleges that Defendants failed to keep accurate time records, failed to pay certain former employees—home health aides who provide services to people requiring home care twenty-four hours a day and seven days a week ("live-in aides")—minimum and overtime wages, and engaged in retaliation against former employees in the course of

litigating this action, all in violation of various FLSA provisions, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5). (Am. Compl. at 1.) The Amended Complaint also identifies the names of current and former Serene employees who, the Acting Secretary argues, would receive back wages should the Acting Secretary prevail on the FLSA claims in this action. (*Id*. at 3, 21–33.)

In this Order, I incorporate by reference the findings and conclusions of the Opinion and Order in full. (*See* Op. & Order.) This includes my conclusion that the record, at this stage of the proceedings:

> gives rise to material questions of fact as to whether Serene representatives properly informed *any* of the former live-in aides whom they solicited to sign declarations about this litigation, their rights, and the implications of signing declarations addressing issues central to the claims brought in this action.

(*Id*. at 68.) It also includes my finding that "[t]he record is more than sufficient to show the existence of numerous triable questions of material fact concerning Defendants' alleged retaliation against live-in aides, including whether Defendants used false pretenses and coercive means to chill these former employees from participating in this lawsuit." (*Id*. at 70; *see also id*. at 15–22.)

As described in the Opinion and Order, the Acting Secretary filed a renewed Motion for a Preliminary Injunction ("PI Motion") (Pl.'s Renewed PI Mot., ECF No. 114) arguing that Defendants were engaged in retaliation against former live-in aides. (*See* Op. & Order at 8.) In its briefing on the renewed PI Motion, the Acting Secretary argues, in the alternative, for the issuance of a protective order to "curb the likelihood of serious abuse" in Defendants' communications with their former live-in aides, all of whom have an interest in this action, even without a finding of retaliation. (Pl.'s Reply Br. ISO Renewed Mot. for PI at 5, 5 n.5 ("Pl.'s Reply"), ECF No. 116; *see also* Pl.'s Supp. Br. ISO PI Mot. at 1 n.1 ("Pl.'s Supp. Br."), ECF No.

132.) The Acting Secretary argues that there is good cause, pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), for the Court to issue a protective order to ensure that Defendants' communications with their former live-in aide employees in preparation for trial do not chill them from testifying or otherwise participating in this action, and instead take place in a context in which these former employees are accurately informed about this action and their rights. (Pl.'s Reply at 5 n.5.) Defendants have been on notice of the Acting Secretary's alternative request for a protective order at least since the parties' briefing filed on January 26, 2024. (*See id.*; Pl.'s Supp. Br. at 1 n.1.)

During the July 19, 2024 status conference with the Court following issuance of the Opinion and Order, the Acting Secretary asked me to construe the renewed PI Motion as a Motion for a Protective Order. Both parties confirmed that their arguments concerning the Acting Secretary's requested preliminary injunction and Motion to Amend the Complaint were also in response to the Acting Secretary's request for a protective order.

I now consider whether to grant a protective order under Rule 26, Fed. R. Civ. P. In making this decision, I take into account all of the arguments made by the Acting Secretary and Defendants in previous filings on the renewed PI Motion and Motion to Amend. (ECF Nos. 106, 114–116, 131–133,[1] 136–137.)

Under Rule 26, "the trial court has broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Uto v. Job Site Servs. Inc.*, 269 F.R.D. 209, 211–12 (E.D.N.Y. 2010) (quotation marks and alterations omitted). A showing of good

---

[1] On June 11, 2024, Defendants filed a supplemental brief in opposition to the renewed PI Motion and Motion to Amend without any attachments. (ECF No. 131.) That same day, Defendants filed the same supplemental brief again, but included seven exhibits. (ECF Nos. 133, 133-1–7.)

cause is necessary, and this standard is met upon a showing of "a particular need for protection." *Id.* at 211–212 (quotation marks omitted). Thus, a court may issue a protective order sua sponte or upon a party's motion "to prohibit retaliation from occurring in the workplace." *Copper v. Cavalry Staffing, LLC*, No. 14-cv-3676, at 32 (E.D.N.Y. Mar. 16, 2015) (unpublished) (citing *Benitez v. Demco of Riverdale, LLC*, No. 14-cv-7074, at 4 (S.D.N.Y. Feb. 19, 2015) (sua sponte issuing a protective order prohibiting employer from speaking to employees about the lawsuit asserting FLSA and New York Labor Law claims and threatening or retaliating against any employees for reasons related to the lawsuit)); *Su v. Versa Cret Contracting Co.*, No. 21CV05697JMAJMW, 2024 WL 1704695, at *3, *10 (E.D.N.Y. Apr. 19, 2024) (granting in part motion for protective order preventing disclosure of the names of employee-informant witnesses prior to trial in part because of retaliation concerns).

     Here, the record demonstrates a particular need for protection of former Serene live-in aides. The case is scheduled for trial to begin on November 12, 2024. In the coming weeks and months, Defendants will be preparing their defense and seeking to speak to potential witnesses who are former employees, including live-in aides contacted in the 2023 outreach challenged as retaliatory. Defendants will also be seeking to speak to other former Serene live-in aides whom the Acting Secretary identified in the Amended Complaint as eligible for back pay and damages if the Acting Secretary prevails in the FLSA claims brought here. The record, however, raises questions of fact as to whether in 2023, Defendants used false pretenses and coercive means to solicit former Serene live-in aides to sign declarations that address issues central to this litigation and disclaim entitlement to unpaid overtime wages. (Op. & Order at 15–22, 70.) There is good cause to ensure that Defendants are able to communicate with potential witnesses in preparing their defense against the Acting Secretary's FLSA claims without chilling these former Serene

employees from sharing information with the Department and otherwise testifying truthfully in this action. Therefore, it is

ORDERED that by July 26, 2024, Defendants shall provide the following notice in writing, by physical <u>and</u> electronic mail, to all former Serene live-in aides, including but not limited to individuals listed in Exhibit A to the Amended Complaint (ECF No. 139):

> The U.S. Department of Labor has brought a Fair Labor Standards Act lawsuit against Sarene Services, Inc. d/b/a Serene Home Nursing, and its CEO Irene Manolias. This lawsuit alleges that Serene did not properly pay live-in home health aides for all hours worked.
>
> **The Department's lawsuit identifies you as someone who may be owed <u>back pay</u> for unpaid overtime hours worked.**
>
> You are protected by the Fair Labor Standards Act.
>
> You have the right to participate freely in the Department's investigation into Serene's pay practices.
>
> You have the right to testify in support of the Department's claims.
>
> You have the right to speak freely and provide truthful information to investigators or other officials from the Department of Labor, to Serene representatives, and to the Court.
>
> Serene cannot retaliate against you in any way for speaking with the Department of Labor, from participating in the Department's lawsuit, or for asserting your rights under the Fair Labor Standards Act in any way.
>
> For example, Serene cannot discriminate against you by withholding future work opportunities or job references because of any cooperation with the Department of Labor.
>
> You may contact the attorneys for the U.S. Department of Labor, B. Carina De La Paz at 646-264-3654 or Hollis V. Pfitsch at 646-264-3667.
>
> **If you previously signed a statement, Serene cannot use it against you in any way, including to limit your ability to provide truthful information about your experiences working for Serene to U.S. Department of Labor representatives or to the court.**

IT IS FURTHER ORDERED that for former Serene live-in aides for whom Defendants do not have a current address for physical mail or a working email address, Defendants shall transmit the notice set forth above to that individual by text message;

IT IS FURTHER ORDERED that for former Serene live-in aides for whom Defendants do not have a current address for physical mail, a working email address, or a phone number that receives text messages, Defendants shall verbally provide the notice set forth above when first speaking to that individual;

IT IS FURTHER ORDERED that before communicating with any former live-in aide, including any communication about issues related to this action, such as working conditions and overtime reporting practices at Serene and entitlement to any unpaid wages, Defendants shall confirm that the individual received and understands the notice set forth above and that any questions about the content of the notice should be directed to attorneys for the Acting Secretary, B. Carina De La Paz at 646-264-3654 or Hollis V. Pfitsch at 646-264-3667;

IT IS FURTHER ORDERED that Defendants shall provide the Acting Secretary with the full list of all former Serene live-in aides to whom Defendants sent the notice and that the list shall identify each individual by name and provide their mailing address(es), email address(es), and phone number(s);

IT IS FURTHER ORDERED that by July 30, 2024, Defendants shall file on the electronic docket for this action a letter confirming that Defendants have complied with all

6

requirements set forth in this Order and attaching a copy of the written notice that was transmitted to former Serene live-in aides according to the terms of this Order.

Dated: Central Islip, New York
July 19, 2024

                                                                                                   */s/ Nusrat J. Choudhury*
                                                                                            NUSRAT J. CHOUDHURY
                                                                                            United States District Judge