UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor,<br><br>                              Plaintiff,<br><br>                -v-<br><br>Sarene Services, Inc. d/b/a Serene Home Nursing Agency; Irene Manolias, Individually,<br><br>                              Defendants. | 2:20-cv-3273<br>(NJC) (ST) |

## MEMORANDUM & ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

The Secretary of the United States Department of Labor ("Secretary") brings this action under the Fair Labor Standards Act of 1938 ("FLSA") against Defendants Sarene Services, Inc. ("Sarene"), a company that provides home health aide services, and Irene Manolias, the company's owner (collectively "Defendants"). The Secretary brings claims to enforce the FLSA's overtime, recordkeeping, and anti-retaliation provisions, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), 215(a)(5), 216, 217, on behalf of more than 500 workers whom Defendants formerly employed as home health aides—workers known as "live-in" aides because they worked 24-hour shifts in the homes of Sarene patients. Several weeks prior to the commencement of trial, on March 15, 2025, this Court entered an Order to Show Cause requiring the parties to show cause in writing by March 20, 2025 as to why 30 hours of trial time is not a reasonable amount of time for each side to present evidence at trial, absent extraordinary circumstances. (Order Show Cause, ECF No. 223.) The parties provided responses and further

argued their positions in multiple pre-trial conferences. (ECF Nos. 229–230; Min. Entry, Mar. 14, 2025; Min. Entry, Mar. 25, 2025; Min. Entry, Mar. 28, 2025.)

On March 28, 2025, the Court imposed a trial time limit of 33 hours per side, absent unforeseen circumstances, in light of the parties' written submissions and representations concerning the scope and estimated time needed for witness examination and cross-examination and the Court's review of the record and rulings on the parties' motions in limine and motions to limit or preclude expert evidence. (Min. Entry, Mar. 28, 2025.) This Memorandum & Order provides further reasoning for the Court's imposition of a trial time limit of 33 hours per side, absent unforeseen circumstances.

## BACKGROUND

On December 13, 2025, the parties filed an Initial Proposed Joint Pre-trial Order ("Initial JPTO") requesting 30 days for trial in this action. (Initial JPTO at 5, ECF No. 182.) The Secretary requested 10 trial days for the presentation of evidence. (*Id.*) Defendants estimated they would need "at least twenty" trial days for their presentation of evidence, but also asserted they could not "fully estimate the number of days required for their presentation of evidence in their defense in light of the fact that" the Secretary had not yet "disclosed the number of witnesses she proposes to use." (*Id.*) On the same day the parties filed the Initial JPTO, they also filed eighteen motions in limine. (ECF Nos. 181, 184) At that time, the parties' dueling motions to exclude expert evidence were fully briefed and pending. (ECF Nos. 165, 167–68, 172–74, 177–78, 188.) On February 7, 2025, the Court held a hearing at which it ruled on more than a dozen of the eighteen pending motions in limine. (Min. Entry, Feb. 7, 2025.) On March 8, 2024, the Court granted the Acting Secretary's Motion to Exclude Defendants' Expert, Adam E. Block, PhD and granted in part and denied in part Defendants' Motion to Preclude the Expert Report

2

and Testimony of the Acting Secretary's Expert, Jennifer M. Reckrey, MD. (ECF No. 217.) On March 12, 2025, the Court ordered the parties to file a revised proposed joint pre-trial order by March 18, 2025 to reflect the Court's rulings precluding the parties from offering certain evidence and witnesses at trial. (Elec. Order, Mar. 12, 2025.)

At the March 14, 2025 pre-trial conference, the Court notified the parties that it would impose reasonable limits on the length of trial, which was scheduled to commence with jury selection in two weeks, on April 1, 2025. (Min. Entry, Mar. 14, 2025.) The Court explained that following the parties' submission of the Initial JPTO, the Court's rulings on the parties' motions in limine and motions to exclude expert evidence had narrowed the evidence to be offered and the number of anticipated witnesses at trial. (*Id.*) The Court noted that, of the witnesses disclosed in the Initial JPTO, eleven witnesses were precluded from testifying at trial, including Defendants' proposed expert, Adam Block, and that Secretary's expert, Dr. Jennifer Reckrey, was also precluded from offering a number of opinions. (*Id.*) The Court also noted that the parties were precluded from offering voluminous evidence at trial, including but not limited to voluminous evidence about New York's managed long-term care system, its procedures, and guidelines, and the assignment of patients to different levels of care, which the Court had deemed inadmissible under Rules 402 and 403 of the Federal Rules of Evidence. (*Id.*) Finally, the Court addressed that, since the filing of the parties' Initial JPTO, in accordance with the Court's deadline, the Secretary had disclosed the identities of the worker witnesses whom the Secretary would offer to testify at trial. (*Id.*)

At the conference, the Court asked the parties for revised estimates for the number of trial days needed based on the Court's rulings. (*Id.*) The Secretary maintained that 10 trial days were needed to present her case. (*Id.*) Defendants reduced their earlier estimate of 20 trial days to 10

3

trial days. (*Id.*) The Court noted that 20 trial days seemed unnecessary and that, based on the Court's review of the record, 35 hours per side was likely sufficient.

Following the March 14, 2025 pre-trial conference, the Court carefully considered the question of reasonable trial time limits in light of:

(1) the Court's preclusion of a significant volume of evidence identified in the Initial JPTO through subsequent rulings on the parties' motions in limine and motions to exclude expert evidence, including numerous opinions of the Secretary's expert, Dr. Jennifer Reckrey, Defendants' proposed expert witness, Adam Block, ten fact witnesses proposed by Defendants, and evidence concerning New York's managed long-term care system, Defendants' compliance with the law and good character, and other issues (*see* Min. Entry, Feb. 7, 2025; ECF Nos. 212, 217);

(2) the Court's close review of the parties' Initial Joint Pre-Trial Order, which the parties were in the process of revising to reflect the significant narrowing of evidence and witnesses to be offered at trial by the Court's February 7, 2025 rulings on the parties' motions in limine and March 8, 2025 rulings on the parties' motions to exclude expert evidence (*see* Initial JPTO; Min. Entry, Feb. 7, 2025; ECF Nos. 212, 217);

(3) the parties' answers to the Court's questions concerning the scope of witness testimony during pre-trial conferences and at the *Daubert* hearing (*see* Min. Entry, Feb. 7, 2025; Min. Entry, Feb. 11, 2025; Min. Entry, Mar. 14, 2025);

(4) the Court's review of the full transcripts of deposition testimony taken during discovery on the Secretary's FLSA retaliation claim (*see* ECF No. 134);

(5) the Court's review of evidence cited in the parties' numerous briefs, letters, and exhibits regarding the parties' motions in limine and motions to exclude expert evidence, as well as the Court's rulings on these motions, which involved review of additional portions of deposition transcripts and trial exhibits not cited by the parties in their briefing (*see* ECF Nos. 165, 167–68, 172–74, 177–78, 181, 184–86, 188, 190, 193, 195–96, 199, 205–07, 208, 210–14, 217);

(6) the fact that there is an overlap in the worker witnesses that each side seeks to call to testify at trial (*see* Initial JPTO); and

(7) the fact that both sides seek to call many of the same non-worker witnesses, specifically: Defendant Irene Manolias, Sarene employees Kristi Manolias, Tyler Stauber, Valerie Sirio, Brittany Condon, and Jennifer Laper-Ifferte, and staff of the U.S. Department of Labor, Wage and Hour Division, Nicole Stahl and James Daley (*see* Initial JPTO).

Based on this review, the Court found the parties' requested trial time of 10 days per side, which translated to roughly 50–55 hours per side, was unrealistic, unnecessary, and unjustified.

The parties' request would lead to a minimum of 20 days of trial time, not including summations, charging the jury, and jury deliberations. If this Court were to hold trial for 4 days per week, averaging 5 hours and 30 minutes of trial time per day, in order to ensure timely attention to the Court's felony criminal cases and the more than two hundred and sixty other civil cases on its docket, the parties' requested trial time would lead to a trial lasting *at least 6 weeks*.

With this understanding in mind, the Court issued the Order to Show Cause, requiring the parties to demonstrate why a 30-hour trial time limit per side absent extraordinary circumstances, was not reasonable. (Order Show Cause at 3.) The Order to Show Cause noted that the suggested 30-hour trial limit was less than the 35-hour time limit the Court discussed during the March 14, 2025 pre-trial conference and reflected the Court's review of the record. (*Id.*)

On March 18, 2025, the Parties filed a Revised Joint Pre-Trial Order ("Revised JPTO"), which pared down the number of witnesses identified for trial and indicated that numerous disputes concerning the admissibility of documentary evidence had been narrowed or resolved. (Revised JPTO, ECF No. 225.)

The parties provided written responses to the Order to Show Cause on March 20, 2025. (Defs.' Resp., ECF No. 229; Pl.'s Resp., ECF No. 230.) In their response, Defendants requested that the Court "not deviate from the 35-hour limit previously contemplated" and "be willing to consider applications for additional time where justice so requires," because Defendants were concerned about their "ability to put on rebuttal witnesses to respond to allegations of retaliation that have not yet been specifically asserted." (Defs.' Resp. at 4.)

Defendants provided five arguments in support of their requests. (*Id.* at 1–4.) First, Defendants argued that 35 hours were needed because the Secretary brings claims on the behalf

5

of more than 500 employees, seeks damages in excess of $10,000,000, and intends to call more than 60 witnesses, including around 50 recently disclosed worker witnesses. (*Id.* at 1)[1]

Second, Defendants relied on *Evans v. Port Authority of New York And New Jersey*, 246 F. Supp. 2d 343 (S.D.N.Y. 2003), where the court imposed a 17-hour trial time limit in an action in which the plaintiff sought to call 23 witnesses, to argue that a 30-hour trial time limit was unreasonable in this action. (Defs. Resp. at 2.) Defendants also argued that the Court should not hold the parties to a time limit because, in *Evans*, the court indicated that it would be flexible with the trial time limit and did in fact permit the plaintiff to go beyond the 17-hour time limit at trial. (*Id.*)

Third, Defendants argued that they could not anticipate the evidence they would need to present because the Secretary's retaliation claim had not been asserted to "certain specificity" and because the defense's trial time needs must vary based on the number of worker witnesses the Secretary ultimately calls at trial, the content of those witnesses' testimony, and Defendants' determination as to which witnesses to call or recall to rebut those worker witnesses' testimony. (*Id.*)

Fourth, Defendants asserted that a 30-hour time limit would be prejudicial to them since the Secretary could use "the entirety of the Parties' time prior to resting," leaving Defendants "with little to no time to call essential witnesses in defense of their case." (*Id.* at 2–3.)

---

[1] The Secretary had disclosed the identities of worker witnesses on February 14, 2025—three weeks before Defendants responded to the Order to Show Cause and 45 days before the commencement of trial—in accordance with the deadline set by this Court, which balanced the Secretary's invocation of the informant's privilege with Defendants' right to defend against the claims in this case and prepare for trial. (Elec. Order, Sept. 4, 2024; ECF No. 159 at 2; *see also* Elec. Order, Oct. 25, 2024; Min. Entry, Oct. 30, 2024.)

6

Fifth, Defendants asserted that the Court's imposition of a trial time limit came at an "advanced stage" and that they had been preparing for the Secretary's case-in-chief to last for ten trial days, which was the Secretary's estimate in the Initial JPTO. (*Id.* at 3.)

In her response to the Order to Show Cause, the Secretary argued that, while she "intends to put on her case in chief within the Court's allotted time frame," she may need more than 30 hours to meet her burden to "establish sufficiently representative evidence." (Pl.'s Resp., at 1–2 (citing *Micone v. Sarene Servs., Inc.*, No. 2:20-cv-3273, 2025 WL 736638, at *22 (E.D.N.Y. Mar. 8, 2025).) The Secretary explained that while there is no bright-line test for the number of employees to establish sufficiently representative evidence, the Secretary may require additional time beyond 30 hours to put on evidence to meet this burden. The Secretary relied on caselaw from the Second Circuit and outside of this Circuit. (Pl.'s Resp. at 1–2 (citing *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) (holding that a sample consisting of 2.5% of a workforce was sufficient to establish representativeness); *Su v. E. Penn Mfg. Co.*, No. 18-cv-1194, 2023 WL 7336368, at *5 (E.D. Pa. Nov. 7, 2023), *aff'd sub nom. Sec'y, U.S. Dep't of Lab. v. E. Penn Mfg. Co., Inc.*, 123 F.4th 643 (3d Cir. 2024) (testimony from 0.33% of employees was "sufficiently representative" given the quality of testimony).) On this basis, the Secretary "reserve[d] the right to seek additional time." (*Id.* at 2.) The Secretary also noted that if the Court were to deny the request for additional trial time, the Secretary "reserve[d] the right . . . to make an offer of proof as to the evidence that would have been presented and the prejudice suffered." (*Id.*) The Secretary also asserted that she may "need additional time based on how the Court rules on whether Defendants should be charged for time getting exhibits admitted," specifically referencing the Skype messages Defendants produced in discovery,

7

noting that she may need to expend additional time to introduce the exhibit through the trial testimony of adverse parties, specifically Defendants' employees. (*Id.*)

The parties appeared before the Court on March 25, 2025 for another pre-trial conference. (Min. Entry, Mar. 25, 2025.) The Court discussed the Revised JPTO, the parties' responses to the Order to Show Cause, and elicited the parties' estimated time needed for each witness identified in the Revised JPTO. (*Id.*) The Court also granted the Secretary's Motion for Leave to Provide Remote Video Testimony over Defendants' objection. (*Id.*; *see also* ECF Nos. 221–22.) During the conference, the parties provided specific estimates of the time needed for each witness identified in the Revised JPTO. (*See* Min. Entry, Mar. 25, 2025.)

Several days later, during the March 28, 2025 pre-trial conference, the Court requested the parties' estimated time needed to examine and cross-examine Defendants' witness Patient S.E. The Secretary indicated that she required 15 minutes with Patient S.E., and Defendants indicated that they required 30 minutes. The Court found that the Secretary's estimated total time was 30 hours and 30 minutes and that Defendants' estimated total time was 36 hours. as shown in the following table:

**Table 1: Parties' Time Estimates Shared During the March 25, 2025 and March 28, 2025 Pre-Trial Conferences**

| Witness | Secretary | Defendants |
|---|---|---|
| Nicole Stahl | 2 hours | 2 hours |
| Dr. Jennifer Reckrey | 2 hours | 3 hours |
| Irene Manolias | 1 hour | 4 hours |
| Kristine Manolias | 1 hour | 2 hours |
| Tyler Stauber | 1 hour | 2 hours |
| Valerie Sirio | 30 minutes | 1 hour |
| Brittany Condon | 30 minutes | 1 hour |
| Jennifer Laper-Ifferte | 30 minutes | 1 hour |
| Secretary's 28 Non-Retaliation Worker Witnesses | 14 hours (30 mins per witness) | 9 hours & 20 minutes (20 mins per witness) |

8

| Secretary's 4 Retaliation Worker Witnesses | 4 hours (1 hour per witness) | 2 hours & 40 minutes (40 mins per witness) |
|---|---|---|
| Eugenia Doell | 15 minutes | 30 minutes |
| Inez Deen | 22.5 minutes | 45 minutes |
| Ingrid Leon | 15 minutes | 30 minutes |
| Shantiqua Brown | 22.5 minutes | 45 minutes |
| Defendants' 10 Worker Witnesses | 2 hours, 30 minutes | 5 hours |
| Patient S. E. | 15 minutes | 30 minutes |
| **Total** | **30 hours, 30 minutes** | **36 hours** |

The Court determined the trial time limit for each side will be 33 hours per side absent unforeseen circumstances, based on the parties' estimated time needed for each witness identified in the Revised JPTO and the reduced scope of trial testimony and evidence discussed above and in the Court's Order to Show Cause. (*See supra* at 4; Min. Entry, Mar. 28, 2025.) In setting the 33-hour time limit per side, the Court specifically noted that it was providing each side more time than was otherwise warranted because it had granted the Secretary's Motion for Leave to Provide Remote Video Testimony concerning six worker witnesses for whom there was a demonstration of good cause and compelling circumstances over Defendants' objection that remote testimony may lead to delays and inefficiencies.[2] The Court also rejected the Secretary's assertion that the Secretary should have the opportunity to ask for more time on the grounds that Federal Rule of Civil Procedure 16 provides the Court with the authority to impose a reasonable trial time limit, and that the Court's time limit is based on parties' representations about their needed trial time, among other things. *See* Fed. R. Civ. P. 16(c)(2)(O).

---

[2] Notably, since the Court's decision to grant that motion, the parties requested permission for an additional witness called by the defense and an additional witness called by the Secretary to testify remotely, and the Court granted the request. (Min. Entry, Mar. 28. 2025.) The Court's expanded 33-hour time limit accounts for any delays or inefficiencies experienced due to the fact that six witnesses called by the Secretary and one witness called by Defendants will be testifying remotely through video connection to the courtroom via Zoom.

## LEGAL STANDARDS & APPLICATION

Both sides are entitled to a fair trial and to an adequate opportunity to present evidence in their respective efforts to persuade the trier of fact to find in their favor. Nevertheless, neither this Court "nor any other court has infinite resources." *Latino Officers Ass'n, Inc. v. City of New York*, No. 99-cv-9568, 2003 WL 22300158, at *2 (S.D.N.Y. Oct. 8, 2003). Under Rule 16(c)(2)(O) of the Federal Rules of Civil Procedure, the Court may "establish[] a reasonable limit on the time allowed to present evidence" at trial. Fed. R. Civ. P. 16(c)(2)(O); *see also Lessoff v. Metro-N. Commuter R.R.*, No. 11-cv-9649, 2014 WL 1395022, at *7 (S.D.N.Y. Apr. 10, 2014) (collecting cases in this circuit that make clear the authority of district judges to impose reasonable time limitations on trials.") (cleaned up); *Latino Officers Ass'n*, 2003 WL 22300158, at *2 (collecting cases in other circuits for the same).

Based on the parties' submissions and representations as well as the Court's review of the record in this case, a time limit of 33 hours per side, absent unforeseen circumstances, is a reasonable amount of time to permit the Secretary to present her case and rebuttal at trial and for Defendants to present their defense at trial. Three principal reasons support this determination.

First, this time limit reflects the estimated time frames provided by the parties as set forth in Table 1 above. This trial will involve at most 55 witnesses. The Secretary seeks to call 32 worker witnesses, Defendant Manolias, five employees of Defendant Sarene, Wage and Hour Investigator Nicole Stahl, and the Secretary's expert witness, Dr. Jennifer Reckrey. Defendants seek to call many of the same witnesses including Defendant Manolias, the same five Sarene employees, and Stahl. Defendants also seek to call ten worker witnesses—some of whom *may* overlap with the Secretary's 32 worker witnesses depending on the specific ten workers whom Defendants ultimately decide to call amongst the 104 worker witnesses for the defense identified

10

in the Revised JPTO. (Revised JPTO at 7–30.) Defendants also seek to call one additional Sarene employee, Eugenia Doell, and three additional former Sarene workers, Inez Deen, Ingrid Leon, and Shantiqua Brown. (*Id.* at 8–9.)

Additionally, as illustrated in Table 1, a significant number of witnesses do not require more than 50 minutes of trial time to be examined/cross-examined, and some—Eugenia Doell, Ingrid Leon, and Patient S.E.—require even less than that. It is reasonable to conclude that the 28 non-retaliation worker witnesses whom the Secretary will call at trial may be examined and cross-examined within around 50 minutes. These witnesses are expected to testify about their work hours, the tasks they performed to care for patients, their patients' needs, whether they experienced any call-to-duty interruptions to sleep and meal periods, whether they reported any such interruptions, and whether they were trained or instructed on how to report such interruptions to Defendants. (Revised JPTO at 7.) It is also reasonable to conclude that these witnesses can be cross-examined in around 20 minutes given the scope of their testimony, even in the face of Defendants' efforts to undermine their credibility, including through the use of any of the signed documents that Defendants failed to disclose during discovery. Moreover, the Court has ruled that certain defense witnesses may testify solely for impeachment purposes, which further limits the time needed for their examination and cross-examination. This includes defense witnesses Leon and Patient S.E.

Second, the parties have narrowed disputes concerning the admissibility of documentary evidence at trial, which reduces the amount of time that would otherwise have been needed with certain witnesses. Between the filing of the Initial JPTO and the Revised JPTO, the parties reached a stipulation as to the admissibility of 19 of 20 trial exhibits offered by the Secretary that consist, in whole or part, of Defendants' business records or records otherwise produced by

11

Defendants. (Defs.' Resp. at 6.) This development has reduced the amount of time the Secretary needs to question witnesses to lay the foundation for seeking admission of these records into evidence at trial. Additionally, with respect to the remaining disputed records—Exhibit PX-13, which consists of Skype messages produced by Defendants—the Court granted a motion in limine, overruling Defendants' objection to the Secretary's request to lay the foundation for admission of the exhibit under Rule 801(d)(2)(D), Fed. R. Ev., through the examination of adverse witness Tyler Stauber. (Trial Tr., Apr. 2, 2025 at 47–48.)

Third, the Court denied the Secretary's request for leave from the Court's individual Rule 9.2 with respect to Defendants' managerial employees, which requires that any witness being called by both sides shall be called only once at trial. (Elec. Order, Mar. 26, 2025; *see also* ECF No. 231.) This further streamlines the presentation of the Secretary's case and Defendants' defense and reduces inefficiencies in the examination of witnesses at trial.

Defendants' arguments that they need at least, if not more, than 35 hours to present a defense are unpersuasive. First, Defendants' argument that more time is necessary because the Secretary's claims are brought on behalf of over 500 employees and seeks more than $10,000,000 in damages and because that the Secretary intends to call more than 60 witnesses is unconvincing. Neither the number of employees on whose behalf the Secretary seeks damages, nor the amount of damages sought significantly impact the Court's determination of a reasonable time limit for two reasons: (1) the parties have stipulated to the admissibility of Defendants' payroll records and other relevant evidence establishing the number of live-in aides at issue, the overtime rates of pay for each worker, and the number of 24-hour shifts they worked each week during the relevant time period; and (2) the Court granted the Secretary's motion in limine requesting that the Court calculate back wages owed in the event the jury were to determine,

12

first, that Defendants' live-in aides worked uncompensated overtime and, second, a reasonable average number of unpaid overtime hours worked by Defendants' live-in aides during each 24-hour shift in the relevant time period. With respect to Defendants' argument about the number of trial witnesses, as discussed, the Secretary has significantly reduced the number of witnesses she will call at trial from 60 to 41, of which 28 are worker witnesses who are estimated to require around 50 minutes of examination and cross-examination. And, as addressed, the parties' own projected times for examining and cross-examining witnesses as identified in Table 1 yields the conclusion that 33 hours of trial time per side, absent unforeseen circumstances, is reasonable.

Second, the 33-hour trial time limit is reasonable and in line with the 17-hour trial time limit the court set *Evans*. In *Evans* the plaintiff intended to call 23 witnesses at trial, which corresponds to an average of around 45 minutes per witness for examination and cross-examination, assuming that trial time was divided equally amongst the witnesses. *Evans*, 246 F. Supp. 2d at 346. Here, the Secretary seeks to call 41 witnesses. Applying the 45 minutes per witness average to this case, the equivalent trial time limit in this action would be <u>30 hours and 45 minutes</u>. This is <u>less</u> than the Court's time limit of 33 hours, absent unforeseen circumstances, for trial in this action. Of course, the Court understands that the parties will need substantially more time to examine and cross-examine certain witnesses, including Defendant Irene Manolias and the Secretary's expert, Dr. Jennifer Reckrey. Nevertheless, Defendants' reliance on *Evans* is unpersuasive.

Third, contrary to Defendants' contention, Defendants have a great deal of information about the Secretary's case-in-chief. This action has been heavily litigated, involving motion practice throughout discovery, a motion to amend the Complaint to include a FLSA retaliation claim (ECF No. 138), the filing of almost two dozen—if not more—motions in limine (ECF Nos.

13

181, 184), the parties' dueling motions to exclude or limit expert evidence (ECF Nos. 165, 167–68), subsequent oral argument and detailed rulings by the Court (Min Entry, Feb. 7, 2025; Min. Entry, Feb. 11, 2025; ECF No. 217), two versions of the Joint Pre-Trial Order (ECF Nos. 182, 225), the submission of Trial Memoranda (ECF Nos. 183, 192), and numerous pre-trial conferences (Min. Entry, Mar. 14, 2025; Min. Entry, Mar. 25, 2025; Min. Entry, Mar. 28, 2025; Min. Entry, Mar. 31, 2025.) Defendants are well aware of the contours of the Secretary's case-in-chief and the scope of testimony anticipated by the Secretary's worker witnesses, as well as other witnesses, one of whom is Defendant Manolias herself and five of whom are Defendants' current managerial employees. On this record, Defendants' contention that they do not know, at this time, the subject matter to be addressed by the Secretary's witnesses, which witnesses Defendants may seek to call to rebut testimony by the Secretary's witnesses, and the basis for objections to documentary evidence is unconvincing. Not only do Defendants have significant information about the Secretary's case, Defendants also have the full personnel files, payroll records, patient files, and other records relating to each of the Secretary's 32 worker witnesses, all of whom were disclosed by the February 14, 2025 deadline. Defendants are aware of which patients were served by these live-in aides and have records of any communications between these workers and Defendants. It is true that in every case, a defendant must make decisions in the course of trial to best use their limited time and that strategic decisions may shift based on the precise testimony provided by the plaintiff's witnesses at trial. Nevertheless, Defendants' arguments for more trial time on the basis that they are purportedly in the dark about the Secretary's trial strategy and the testimony of worker witnesses is a generic argument untethered to the specifics of this case.

Fourth, Defendants assertion that the Secretary could use "the entirety of the Parties' time prior to resting," prejudicing Defendants by leaving them "with little to no time to call essential witnesses in defense of their case" is entirely without merit. (Defs.' Resp. at 2–3.) Each party may choose to use their time however they see fit. If Defendants choose to use the same amount of time, or even more time, to cross-examine the Secretary's witnesses as compared to the time used by the Secretary to examine these witnesses in the first instance, that is Defendants' choice. Should Defendants elect to pursue such a strategy and fail to leave themselves sufficient time to examine their own witnesses, that is their choice and is an entirely foreseeable circumstance that would not warrant any deviation from the time limit of 33 hours absent unforeseen circumstances. In other words, the amount of time Defendants reserve to examine their own witnesses at trial after the Secretary completes her case-in-chief is fully in Defendants' control.

Fifth, Defendants' assertion that the Court imposed a trial time limit at an "advanced stage" is likewise meritless. (Defs.' Resp. at 3.) The Court has the authority to "establish[] a reasonable limit on the time allowed to present evidence" at trial under Rule 16(c)(2)(O). Fed. R. Civ. P. 16(c)(2)(O); see also Lessoff, 2014 WL 1395022, at *7. The Court's exercise of this authority is not subject to a deadline and is appropriately exercised to foster "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Moreover, counsel for Defendants knew the Court would impose a reasonable time limit on trial in this action because they participated in pre-trial conferences in February 2020 before this Court in another FLSA action in which this Court set trial time limits under Rule 16(c)(2)(O) in the course of detailed conversations with the parties over the content of the joint pre-trial order and the anticipated

scope of witness testimony several weeks prior to a scheduled March 4, 2025 trial date.[3] Here, where the Court ordered the parties on March 12, 2025 to file a revised Joint Pre-Trial Order reflecting the narrowing of evidence to be offered at trial, the Court appropriately informed the parties at the March 14, 2025 pre-trial conference—two weeks before trial and four days before the filing of the Revised JPTO—of the intent to set reasonable trial time limits. (*See* Min. Entry, Mar. 14, 2025.) Defendants have had ample time to ensure compliance with the Court's trial time limit.

Furthermore, the Court's time limit of 33 hours per side, absent unforeseen circumstances, applies to both parties equally. The reduction of Secretary's trial time from her estimated 10 trial days to 33 hours—approximately 6.5 trial days—should also reduce the amount of time Defendants need to put on their defense and to rebut the Secretary's evidence.

## CONCLUSION

For all of the reasons set forth above, the Court finds that a trial time limit of 33 hours per side, absent any unforeseen circumstances, is a "reasonable limit on the time allowed to present evidence" at trial. Fed. R. Civ. P. 16(c)(2)(O); *see also Lessoff*, 2014 WL 1395022, at *7.

The 33-hour time limit shall apply to the parties' opening statements, direct and redirect examination of witnesses, cross-examination of the opposing side's witnesses, and any rebuttal. At the time the Court first apprised the parties of this time limit, the Court indicated that if either side raises unreasonable objections, the time spent on such unreasonable objections will be charged against the side making the unreasonable objections. That was the practice in place during the first five days of trial, but did not prevent a number of lengthy and unnecessary side

---

[3] *See* Minute Entry, *Ramos v. Concrete Structures, Inc.*, No. 2:23-cv-3366 (E.D.N.Y. Feb. 13, 2025).

bars, which improperly wasted jurors' time.[4] As a result, the Court informed the parties this morning that, going forward, the party asking the Court for a sidebar while the jury is in session will also be charged for that time.

As stated previously by the Court, the time limit will not apply to summations. Each side may allocate their allotted 33 hours as they see fit between different witnesses.

Dated: Central Islip, New York
April 9, 2025

                                    */s/ Nusrat J. Choudhury*
                                    NUSRAT J. CHOUDHURY
                                    United States District Judge

---

[4] As the Court stated on the record today, the following amounts of time were used for sidebars while the jury was in session:

    April 2, 2025 (full trial day): 40 minutes
    April 3, 2025 (half trial day): 19 minutes
    April 4, 2025 (full trial day): 14 minutes
    April 7, 2025 (full trial day): 43 minutes
    April 8, 2025 (full trial Day): 52 minutes.

The parties have been repeatedly instructed to meet and confer on evidentiary issues well in advance and to raise any disputes with the Court the day before those issues are expected to rise. Yet, numerous lengthy sidebars have been requested on entirely foreseeable issues to the detriment of the jury. Therefore, the Court determined it was necessary to charge parties for the time spent at sidebar in an effort to reduce unnecessary sidebars that waste juror time.