**U.S. Department of Labor**
**Office of the Solicitor**

201 Varick Street, Room 983
New York, NY 10014
Phone: (646) 264-3667

April 13, 2025

**Via ECF**

The Honorable Nusrat Jahan Choudhury
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: *Secretary of Labor v. Sarene Services, Inc., et al.,* No. 20-cv-03273-NJC-ST**

Dear Judge Choudhury:

The Secretary of Labor respectfully submits this letter in compliance with this Court's April 10, 2025 request for supplemental caselaw in support of the Secretary's position concerning Defendants' leading of their own witnesses.

Defendants are not permitted to lead their own witnesses as they would on cross examination simply because Defendants' examination follows an adverse direct examination by counsel for the Secretary. Federal Rule of Evidence ("FRE") 611(c) provides that "ordinarily, the court should allow leading questions: 1) on cross-examination; and 2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c). The Advisory Committee note to FRE 611(c) addresses the specific scenario at issue here:

> the purpose of the qualification "ordinarily" is to furnish a basis for denying the use of leading questions when the cross-examination is cross-examination in form only and not in fact*, as for example the "cross-examination" of a party by his own counsel after being called by the opponent (savoring more of re-direct)*…

Advisory Committee note to FRE 611(c) (emphasis added). If a witness is "friendly to the examiner, there is the same danger of suggestiveness as on direct; and consequently the court may, in its discretion, forbid the use of leading questions." *Morvant v. Construction Aggregates Corp.*, 570 F. 2d 626, 635n.12 (6th Cir. 1978) (*citing* 3 Weinstein's Evidence, P 611(05) at 611-59). Trial judges are afforded "a large degree of discretion in overseeing the examination of witnesses." *United States v. Estevez*, 735 F. App'x 746, 747 (2d Cir. 2018) (citations and quotation marks omitted).

"Generally, when a witness identified with an adverse party is called, the roles of the parties are reversed," such that leading questions are "appropriate on direct examination but not on cross-examination." *Alpha Display Paging, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 867 F.2d 1168, 1171 (8th Cir. 1989). In *United States v. Cameron-Ehlen Group, Inc.*, for example, the court permitted plaintiffs to ask leading questions of defendants' current employees because "current employees of an opposing party constitute witnesses 'identified with an adverse party,'" but held that defendants "should ask its employees non-leading questions on cross-examination." *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2023 WL 36174, at *7 (D.

Minn. Jan. 4, 2023); *see also Jackson v. O'Reilly Auto. Stores, Inc.*, 131 F. Supp. 3d 756, 758-59 (M.D. Tenn. 2015) (denying *motion in limine* without prejudice but previewing that the "presumption at trial" would be to allow plaintiffs to ask leading questions during adverse direct examinations of defendant's "agents and employees" and that defendant "should expect to conduct the substantial part of such witnesses' testimony without leading questions.").

Because Defendant Irene Manolias and Serene manager Kristine Manolias are both plainly identified with Defendants, the Court should require Defendants to examine these witnesses without leading questions, as they would on direct examination.

Thank you for Your Honor's attention to this matter.

Sincerely,

Jeffrey S. Rogoff
Regional Solicitor

By: /s Carina De La Paz, Hollis V. Pfitsch, Allison L. Bowles, Julie Pittman, Andrew Karonis, Trial Attorneys

cc: Saul Zabell, Ryan Eden, Defendants' counsel, via ECF