UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor,<br><br>                              Plaintiff,<br><br>                  -v-<br><br>Sarene Services, Inc. d/b/a Serene Home Nursing Agency; Irene Manolias, Individually,<br><br>                              Defendants. | 2:20-cv-3273 (NJC) (ST) |

**MEMORANDUM & ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

The Secretary of the United States Department of Labor ("Secretary") brings this action under the Fair Labor Standards Act of 1938 ("FLSA") against Defendants Sarene Services, Inc. ("Sarene"), a company that provides home health aide services, and Irene Manolias, the company's owner (collectively "Defendants"). (Am. Compl., ECF No. 139.) The Secretary brings claims to enforce the FLSA's overtime, recordkeeping, and anti-retaliation provisions, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), 215(a)(5), 216, 217, on behalf of more than 500 workers whom Defendants formerly employed as home health aides, who are known as "live-in" aides because they worked 24-hour shifts in the homes of Sarene patients. (*Id.*)

A jury trial in this action concluded on April 25, 2025, with a jury verdict finding Defendants liable for violating the FLSA's overtime, recordkeeping, and anti-retaliation provisions. (Min. Entry, Apr. 25, 2025; Jury Verdict Sheet, ECF No. 284.) Pursuant to the jury's verdict, Defendants are liable for unpaid overtime compensation and liquidated damages under 29 U.S.C. § 219(c). On July 14, 2025, the Court held a teleconference and scheduled a bench

trial for September 4 and 5, 2025 regarding the sole issue remaining in the litigation: whether the imposition of liquidated damages should be reduced under 29 U.S.C § 260 due to any good faith of the Defendants. (Min. Entry, July 15, 2025.)[1]

On August 25, 2025, Defendants filed the instant motion to stay all proceedings ("Motion to Stay") (Mot., ECF No. 303). On August 29, 2025, the Secretary opposed the motion (Opp'n, ECF No. 304). For the reasons discussed below, Defendants' motion is denied.

## DISCUSSION

Defendants argue that this action should be stayed in light of a proposed rule by the United States Department of Labor ("DOL"), which would, in certain circumstances, create an exception to the FLSA's minimum wage and overtime provisions for home care workers employed by third-party home care agencies, like Defendant Sarene. Mot. at 1 (citing 90 Fed. Reg. 28,976 (proposing to amend 29 C.F.R. § 552.109(a), (c)); *see also* 29 U.S.C. § 213(a)(15); 29 C.F.R. § 552.6 ("companionship services exemption"); 29 U.S.C. § 213(b)(21) ("live-in domestic service employee exemption"). Defendants concede that the proposed rule is not final but nevertheless contend that the DOL may adopt a final version of the proposed rule "that also includes an effective date" that would make application of the rule retroactive and thereby moot the Secretary's claims in this action. (*Id.* at 1.) Defendants also argue for a stay on the basis that the DOL has instructed its "field offices and investigators" to cease "start[ing] or continu[ing]

---

[1] Prior to the jury trial in this action, on December 6, 2024, the Court granted the Secretary's application for the Court to conduct a bench trial to determine whether liquidated damages should be reduced under 29 U.S.C § 260 due to any good faith of the Defendants, in the event that a jury trial were to result in a determination that Defendants are liable for unpaid overtime compensation and liquidated damages under 29 U.S.C. § 219(c). (Dec. 6, 2024, Min. Entry (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1063 (2d Cir. 1988) (providing that the issue of a good faith defense to liquidated damages for unpaid overtime wages in violation of 29 U.S.C. § 216(c) is "within the discretion of the district judge" under 29 U.S.C. § 260)).)

any investigation or otherwise tak[ing] any other enforcement action against a third-party home care agency employer that can claim the companionship or live-in exemptions." (*Id.* at 1–2.) Defendants assert that denial of the stay would "require [them] to incur the cost and time to attend" the bench trial, "draft post-hearing briefing on liquidated damages, and draft post-judgment briefing in this case when there is a possibility this entire case is moot." (*Id.* at 2.)

In opposition, the Secretary argues that a stay is unwarranted because the proposed rule that would create an exception to the FLSA's minimum wage and overtime requirements for third-party home care employers is not final and would not be retroactive as currently written. (Opp'n at 1.) According to the Secretary, Defendants have not met their burden for a motion to stay because a stay "is against the interest of the courts and the public" and Defendants waived "any affirmative defense challenging the application of the current [DOL] regulations or seeking to establish an exemption." (*Id.* at 2.) Further, the Secretary asserts that the absence of a stay would "cause no hardship to Defendants" because the proposed rule "will not bind this Court with respect to this case," while a stay would prejudice the Secretary and Defendants' former live-in aides, who are "affected third-party employees" owed back wages. (*Id.* at 2–3.) The Secretary notes that the DOL guidance to field offices and investigators on which Defendants rely "does not address litigation handled by the Office of the Solicitor," including this action, and explicitly disclaims that it limits the DOL Wage and Hour Division's ("WHD") "authority to enforce the FLSA." (*Id.* at 2 n.4.)

As the moving party, Defendants bear the "burden to establish a clear case of hardship or inequity in being required to go forward" with this litigation. *United States v. Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y.); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (same).

3

In resolving a motion to stay, district courts in the Second Circuit consider the following factors set out in *Kappel v. Comfort*, 914 F. Supp. 1056(S.D.N.Y. 1996):

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interest of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* at 1058; *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023).

Defendants fail to establish a clear case of hardship or inequity in being required to go forward with this litigation, which has been pending for more than five years. Each of the *Kappel* factors weigh against granting the Motion to Stay.

The first factor—the Secretary's private interests in proceeding expeditiously balanced against the prejudice to the Secretary if delayed—weighs strongly against imposing a stay. The Secretary has expended significant resources in vigorously prosecuting this action for more than five years through a lengthy and contentious discovery process. Defendants' liability for the Secretary's overtime and retaliation claims under the FLSA was resolved by a jury over the course of a trial lasting more than three weeks, which itself took place after numerous delays, including delays caused by the withdrawal of Defendants' counsel in August 2024 just months before the commencement of trial. (ECF No. 1; *see* Min. Entry, July 19, 2024; Min. Entry, Aug. 23, 2024; Min. Entry, Sept. 4, 2024; ECF No. 159; Elec. Order, Dec. 16, 2024.) The Secretary has a strong private interest in proceeding expeditiously to finish prosecuting this representative action on behalf of more than 500 of Defendants' former employees, and any further delay will prejudice the Secretary.

Both the third factor—the interests of the courts—and the fifth factor—the public interest—also weigh heavily against granting the Motion to Stay. Courts are obligated "to secure

4

the just, speedy, and inexpensive determination of every action." Fed. R. Civ. Proc. 1. "[A] stay is an intrusion into the ordinary processes of administration and judicial review, and . . . should be granted only in 'rare circumstances.'" *Medina v. Angrignon*, No. 15-cv-0427, 2022 WL 1555083, at *2 (W.D.N.Y. May 17, 2022) (quoting *Maldonado-Padilla v. Holder*, 651 F.3d 325, 328 (2d Cir. 2011) and *Landis*, 299 U.S. at 255). Although the notice and comment period for the proposed rule ends on September 2, 2025, there is no deadline for when the DOL must finish evaluating written data, views, or arguments set forth in comments or when it must announce any next steps, including publication of any final rule. *See* 5 U.S.C. § 553(b) (making no mention of any required timeline). Under these circumstances, a stay in this action would last indefinitely, causing even further delay to this long-pending litigation with no discernible end. *See Medina*, 2022 WL 1555083, at *2 ("[S]tays of indefinite duration are generally disfavored . . . ."). Accordingly, the interests of the courts and public would be harmed by granting Defendants' requested indefinite stay.

    The fourth factor—the interests of persons not parties to the civil litigation—also weighs heavily against granting Defendants the indefinite stay they request. More than 500 of Defendants' former employees who worked as live-in aides from March 2017 through 2020 are waiting for payment for overtime hours that they worked between five and eight years ago. A jury has already determined that these employees are owed back wages for performing uncompensated overtime hours. (*See* Jury Verdict Sheet.) Granting Defendants an indefinite stay of this action would harm these workers by further delaying the proceedings in this action that would resolve the parties' dispute and potentially result in payment of those back wages. *See* Opp'n at 3; *Scalia v. Elder Res. Mgmt., Inc.*, No. 19-cv-546, 2020 WL 7382163, at *3 (W.D. Pa.

5

Dec. 16, 2020) (recognizing that a stay in a FLSA action would delay payment of wages when some employees had waited five years for payment).

The second factor—Defendants' private interests and any burden on Defendants with proceeding with this action—also weighs against granting an indefinite stay. Contrary to Defendants' contention, Defendants would not be burdened by a denial of the requested stay for four reasons. First, as Defendants concede, the current proposed rule is not retroactive. (*See* Mot. at 1.) In other words, even if the proposed rule were to go into effect while this action is pending, it would *not* apply to Defendants' pay practices relating to former live-in aides from March 19, 2017 through December 1, 2020—the time period at issue in this action. (*See* Am. Joint Pre-Trial Order at 5, ECF 225.) Moreover, "[r]etroactivity is not favored in the law" so "administrative rules will not be construed to have retroactive effect *unless their language requires this result*." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, (1988) (emphasis added). Here, Defendants have not identified any text in the proposed rule that requires retroactive application, so the proposed rule, even if finalized as written, will not apply to Defendants' conduct at issue in this action and therefore would not lessen Defendants' litigation burden.

Second, Defendants' burden argument is based on speculation that the proposed rule *may* be amended to apply retroactively and that, at some unspecified time in the future, it *may* ultimately be adopted in that amended form. But the DOL is under no requirement to finalize the proposed rule within a set amount of time and could even withdraw the proposed rule. *See* 5 U.S.C. § 553(c) (not addressing any required timeline for finalization); *Env't Integrity Project v. McCarthy*, 139 F. Supp. 3d 25, 39 (D.D.C. 2015) (discussing challenge to an agency's decision to withdraw a proposed rule). It is an "established point of law that proposed regulations . . . have no legal effect." *Sweet v. Sheahan*, 235 F.3d 80, 87 (2d Cir. 2000). Accordingly, Defendants fail

6

to show that they would experience any burden from denial of a stay where it is speculation that the rule would be amended and ultimately passed in a form that would apply to Defendants' conduct from March 19, 2017 through December 1, 2020.

Third, Defendants waived any affirmative defense in this action challenging the application of the current DOL regulations, which require third-party employers such as Defendants to pay home care workers. Defendants never raised any affirmative defense challenging the application of the current regulations or seeking to establish an exemption for third-party home care agencies. (*See* ECF Nos. 10 (Answer), 13 (Amended Answer), 154 (Amended Answer), 182 (Proposed Joint Pre-Trial Order ("JPTO")), 219 (jointly proposed jury instructions and verdict sheet), 225 (Amended JPTO).) "[A]n employer bears the burden of proving that its employees fall within an exempted category of the [FLSA]." *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991) (internal quotations and citations omitted); *Bedasie v. Mr. Z Towing, Inc.*, 2017 WL 1135727, at *18 (E.D.N.Y. Mar. 24, 2017) ("[A]ffirmative defenses are required to be asserted in the pleadings or they are deemed waived." (citing *Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir. 1984))). Defendants waived any defenses related to the application of the current regulations.

Fourth, Defendants' burden argument relies on a DOL WHD Field Assistance Bulletin ("Bulletin") that does not impact this action in any way. The Bulletin "provides enforcement guidance to [WHD] field staff regarding enforcement in the home care industry" and indicates: (1) "Nothing in this [document] limits WHD's authority to enforce the FLSA"; (2) "WHD reserves its right to exercise its enforcement authority in specific matters"; and (3) "[This document] does not create any legally enforceable rights or obligations and does not alter any statutory or regulatory requirements." U.S. Dep't of Labor Wage and Hour Div., Field

7

Assistance Bulletin No. 2025-4, Home Care Enforcement Guidance, at 1, 3 (July 25, 2025), https://www.dol.gov/sites/dolgov/files/WHD/fab/fab2025-4.pdf. Accordingly, the Bulletin has no impact on how this case should proceed.

Accordingly, all of the *Kappel* factors weigh against granting Defendants' request for an indefinite stay of this action. Defendants have failed to establish "a clear case of hardship or inequity in being required to go forward." *Oyster Bay*, 66 F. Supp. 3d at 289; *Landis*, 299 U.S. at 255. Accordingly, Defendants' Motion to Stay (ECF No. 303) is denied.

Dated: Central Islip, New York
September 2, 2025

                                               */s/ Nusrat J. Choudhury*
                                               NUSRAT J. CHOUDHURY
                                               United States District Judge